IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMANDA LYNN McAULIFFE, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 23-477 |
| MARTIN O'MALLEY, *Commissioner of Social Security*, | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 27th day of March, 2024, upon consideration of Defendant's Motion for Summary Judgment (Doc. No. 10) filed in the above-captioned matter on July 24, 2023,

IT IS HEREBY ORDERED that said Motion is DENIED.

AND, further, upon consideration of Plaintiff's Motion for Summary Judgment (Doc. No. 8) filed in the above-captioned matter on June 20, 2023,

IT IS HEREBY ORDERED that said Motion is GRANTED IN PART and DENIED IN PART. Specifically, Plaintiff's Motion is granted to the extent that it seeks a remand to the Commissioner of Social Security ("Commissioner") for further evaluation as set forth below and denied in all other respects. Accordingly, this matter is hereby remanded to the Commissioner for further evaluation under sentence four of 42 U.S.C. § 405(g) in light of this Order.

**I.     Background**

Plaintiff Amanda Lynn McAuliffe protectively filed a claim for Supplemental Security Income benefits under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. § 1381 *et seq.*, effective December 28, 2020, claiming that she became disabled on September 25, 2008, due to

her back condition, bipolar condition, depression, severe arthritis, asthma, high blood pressure, and anxiety. (R. 39, 252-61, 281). After being denied initially on March 29, 2021, and on reconsideration on July 1, 2021, Plaintiff sought a hearing before an Administrative Law Judge ("ALJ"). (R. 39, 157-64, 167-76, 177). After a telephonic hearing held on January 13, 2022 (R. 60-95), the ALJ denied Plaintiff's request for benefits in an unfavorable decision dated February 2, 2022. (R. 39-53). On January 30, 2023, the Appeals Council declined to review the ALJ's decision. (R. 15-17). Plaintiff filed an appeal with this Court, and the parties have filed cross-motions for summary judgment.

**II.     Standard of Review**

Judicial review of the Commissioner's final decisions on disability claims is based upon the pleadings and the transcript of the record, and the scope of that review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. *See* 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001) (noting that "'[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive'") (quoting § 405(g)); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999) (stating that the court has plenary review of all legal issues, and reviews the ALJ's findings of fact to determine whether they are supported by substantial evidence). The Court may not undertake a *de novo* review of the Commissioner's decision or re-weigh the evidence. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986). If the district court finds the Commissioner's findings of fact are supported by substantial evidence then it must uphold the Commissioner's final decision. *See Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). The Court may not set aside a decision that is supported by

substantial evidence "even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing § 405(g)); *Monsour*, 806 F.2d at 1190-91.

"Substantial evidence" is defined as "more than a mere scintilla." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999) (quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*; *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). However, a "'single piece of evidence will not satisfy the substantiality test if the [Commissioner] ignores, or fails to resolve, a conflict created by countervailing evidence.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (quoting *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). "'Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians) – or if it really constitutes not evidence but mere conclusion.'" *Id.* To facilitate the district court's review, an ALJ's findings must "be accompanied by a clear and satisfactory explication of the basis on which [they] rest[]." *Cotter v. Harris*, 642 F.2d 700, 704 (3d Cir. 1981). Decisions that are conclusory in their findings or indicate the ALJ's failure to consider all the evidence are not supported by substantial evidence. *See id.* at 705-06. Moreover, the Court must ensure the ALJ did not "reject evidence for no reason or for the wrong reason." *Id.* at 706 (citing *King v. Califano*, 615 F.2d 1018 (4th Cir. 1980)).

A disability is established when the claimant can demonstrate some medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period. *See Fargnoli v. Massanari*, 247 F.3d 34, 38-39 (3d Cir. 2001). "A claimant is considered unable to engage in any substantial gainful activity 'only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work

experience, engage in any other kind of substantial gainful work which exists in the national economy . . . .'" *Id.* at 39 (quoting 42 U.S.C. § 423(d)(2)(A)).

The Social Security Administration has promulgated regulations incorporating a five-step sequential evaluation process in guiding ALJs in determining whether a claimant is under a disability as defined by the Act. *See* 20 C.F.R. § 416.920. At Step One, the ALJ must determine whether the claimant is currently engaging in substantial gainful activity. *See id.* at § 416.920(a)(4)(i). If so, the disability claim will be denied. *See Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If not, the second step of the process is to determine whether the claimant is suffering from a severe impairment. *See* 20 C.F.R. § 416.920(a)(4)(ii). "An impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." *Id.* at § 416.922. If the claimant fails to show that his or her impairments are "severe," he or she is ineligible for disability benefits. If the claimant does have a severe impairment, however, the ALJ must proceed to Step Three and determine whether the claimant's impairment meets or equals the criteria for a listed impairment. *See id.* at § 416.920(a)(4)(iii). If a claimant meets a listing, a finding of disability is automatically directed. If the claimant does not meet a listing, the analysis proceeds to Steps Four and Five.

In considering these steps, the ALJ must formulate the claimant's residual functional capacity ("RFC"). A claimant's RFC is defined as the most that an individual is still able to do despite the limitations caused by his or her impairments. *See Fargnoli*, 247 F.3d at 40; 20 C.F.R. § 416.945(a). In crafting the RFC, the ALJ must consider all the evidence in the record. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000). At Step Four, it is the claimant's burden of demonstrating an inability to perform his or her past relevant work. *See*

*Adorno v. Shalala*, 40 F.3d 43, 46 (3d Cir. 1994). If the ALJ determines that the claimant lacks the RFC to resume his or her former occupation, the evaluation then moves to the fifth and final step. *See* 20 C.F.R. § 416.920(a)(4)(iv).

At this stage, the burden of production shifts to the Commissioner, who must demonstrate that the claimant is capable of performing other available work in the national economy in order to deny a claim of disability. *See id.* at § 416.920(a)(4)(v). In making this determination, the ALJ must consider the claimant's RFC, age, education, and past work experience. *See id.* The ALJ must further analyze the cumulative effect of all the claimant's impairments in determining whether he or she is capable of performing work and is not disabled. *See id.* at § 416.923.

### III.     The ALJ's Decision

In her February 2, 2022 decision, applying the sequential evaluation process, the ALJ found that Plaintiff had not been engaged in substantial gainful activity since the application date. (R. 42). The ALJ also found that Plaintiff met the second requirement of the process insofar as she had the severe impairments of:

> osteoarthrosis of the lumbar spine; status post L-4-L-5 PLIF with laminectomy and fusion; removal and replacement of hardware from L2-S1 with interbody grafting of L3-4 and debridement of L3-L4; osteomyelitis; asthma; hypertension; bipolar disorder; greater anxiety disorder; and greater trochanteric bursitis of the left hip.

(R. 42). She did not specifically address whether obesity constituted an impairment, severe or otherwise. The ALJ concluded that Plaintiff's impairments did not meet or equal any of the listings that would satisfy Step Three. In so finding, she considered, *inter alia*, musculoskeletal listings 1.15 for disorders of the skeletal spine resulting in a comprised nerve root, 1.16 for lumbar spinal stenosis resulting in compromise of the cauda equina, and 1.18 for abnormality of

a major joint, but not 1.17 for reconstructive surgery or surgical arthrodesis of a major weight-bearing joint.  (R. 42-46).

The ALJ found that Plaintiff retained the RFC to perform light work, as defined in 20 C.F.R. 416.967(b), with additional postural, environmental, and mental restrictions.  These restrictions included occasional balancing, stooping, crouching, kneeling, crawling, and climbing ramps and stairs.  They did not include any limitations regarding exposure to hazards.  (R. 46). The ALJ used a vocational expert ("VE") to determine that Plaintiff was not capable of performing her past relevant work at Step Four of the process.  (R. 51-52).  At Step Five, in response to a hypothetical question posed by the ALJ, the VE testified that Plaintiff could perform the requirements of representative light, unskilled occupations such as silver wrapper, merchandise marker, and small parts assembler.  (R. 52-53, 89).  Accordingly, the ALJ found that Plaintiff could do jobs that exist in significant numbers in the national economy and that she, therefore, was not disabled.  (R. 53).

## IV.  Legal Analysis

Plaintiff alleges that the ALJ erred in a number of ways in finding her not to be disabled, primarily that she failed to discuss relevant evidence and/or issues.  The Commissioner disagrees and argues that the ALJ's failure to expressly discuss these issues does not mandate remand. The Court agrees with Plaintiff that omissions occurred and disagrees with the Commissioner that these omissions, taken together, do not warrant remand.  Accordingly, the Court will remand for further consideration consistent with this Order.

One of the oversights by the ALJ, according to Plaintiff, was failing to address all of the postural and environmental limitations contained in the medical opinion evidence.  Specifically, she posits that although the ALJ found the opinion of treating physician Joon Yung Lee, M.D.

(R. 2131-38), to be partially persuasive, she did not discuss the fact that Dr. Lee had opined to more restrictive postural and environmental limitations than were included in the RFC.  For instance, Dr. Lee found that Plaintiff could never squat, crawl, or climb, while the RFC limited Plaintiff to performing postural activities occasionally and permitted the occasional climbing of ladders.  Further. Dr. Lee opined that Plaintiff should avoid all hazards – including unprotected heights, moving machinery, automotive equipment, exposure to marked changes in temperature and humidity, and exposure to dust, fumes, and gases – while the RFC as formulated by the ALJ contained so such restrictions.  (R. 2131, 46).  As Plaintiff points out, the ALJ did not specifically reject these opined limitations, but rather failed to address them while including less restrictive limitations in the RFC.  Similarly, both state consulting agents opined that Plaintiff should avoid hazards such as heights and machinery (R. 117, 140), and again, despite finding these statements to be partially persuasive, the ALJ did not include any such limitation or explain why she had decided not to.

It is axiomatic that, in making her findings, an ALJ must consider all the evidence and "give some indication of the evidence which [she] rejects and [her] reason(s) for discounting such evidence." *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000) (citing *Plummer*, 186 F.3d at 429).  "'In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'"  *Id.* (quoting *Cotter,* 642 F.2d at 705).  Such is the case here.  By failing to address the postural and environmental limitations contained in the medical opinions but not in the RFC, it is not clear to the Court whether the ALJ consciously rejected those suggested limitations or simply overlooked them.  This is especially so given that all of the opinions contain some limitation in regard to exposure to hazards.

The other omissions cited by Plaintiff only reinforce the need for remand. For instance, Plaintiff – correctly – notes that the ALJ did not consider her obesity at any stage of her analysis,[1] in contravention of Social Security Ruling 19-2p, 2019 WL 2374244 (S.S.A. May 20, 2019). While it is quite possible that this omission by itself would not require remand, *see Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005), here, the failure to acknowledge Plaintiff's obesity, in combination with the ALJ's failure to adequately discuss the postural and environmental restrictions contained in the medical opinions, further supports the need for remand. Indeed, obesity certainly could be relevant to a fuller discussion of Plaintiff's postural limitations at the very least.

Finally, Plaintiff faults the ALJ for failing to consider whether her condition met or equaled Listing 1.17. As noted above, the ALJ did consider a number of listings in her Step Three analysis, including three musculoskeletal listings, but Listing 1.17 was not one of them. Plaintiff argues that the listing should have been considered based on her December 19, 2019 procedure. She asserts that this procedure included "L4-L5 bilateral arthrodesis posterior lateral with lateral transverse technique," and not just spinal stenosis decompression with partial laminectomy as alleged by the ALJ. (R. 504). This, Plaintiff contends, constitutes the type of "surgical arthrodesis of a major weight-bearing joint" covered by the listing. Again, it is not

---

[1] One of Plaintiff's arguments is that the ALJ erred in not finding her obesity to constitute a severe impairment at Step Two. Because her claim was not denied at Step Two though, it is not relevant whether the ALJ should have also specifically found her obesity to be a severe impairment. *See Salles v. Comm'r of Soc. Sec.*, 229 Fed. Appx. 140, 145 n.2 (3d Cir. 2007). However, in any event, in assessing Plaintiff's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" S.S.R. 96-8p, 1996 WL 374184, at *5 (S.S.A. July 2, 1996). *See also* 20 C.F.R. § 416.945(a)(2). "While a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may – when considered with limitations or restrictions due to other impairments – be critical to the outcome of a claim." S.S.R. 96-8p at *5. Therefore, Plaintiff's obesity certainly could be a factor in determining Plaintiff's RFC or whether she meets or equals a listing even if not severe in and of itself.

clear that this omission alone would justify a remand,[2] but in the context of the other omissions, it does support one.

Given the entirety of the issues that the ALJ failed to consider, the Court cannot characterize her failure to do so harmless. "An error is 'harmless' when, despite the technical correctness of an appellant's legal contention, there is also 'no set of facts' upon which the appellant could recover." *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). *See also Rutherford*, 399 F.3d at 553 (holding that remand is not necessary where the error would not affect the outcome of the case). The Court cannot definitively say that is the case here. While it is not required to order remand "in quest of a perfect opinion" the harmless error doctrine is one that the Court employs cautiously when reviewing the Commissioner's final decisions. *Hayes v. Berryhill*, No. 3:17-CV-00648, 2018 WL 3596858, at *7 (M.D. Pa. June 20, 2018), report and recommendation adopted, No. 3:17-CV-648, 2018 WL 3584698 (M.D. Pa. July 26, 2018) (citing *Moua v. Colvin*, 541 Fed. Appx. 794, 798 (10th Cir. 2013)).

By no means is the Court suggesting that the ALJ was required to adopt any specific additional postural or environmental limitations in formulating the RFC. Likewise, the Court takes no position whether Plaintiff's obesity has any impact on the requisite findings or whether the evidence would support application of Listing 1.17. However, the lack of discussion of the issue prevents the Court from adequately reviewing the ALJ's decision to determine if it is supported by substantial evidence. Nonetheless, because it is the need for

---

[2] To meet a listing, a claimant must "present medical findings equal in severity to *all* the criteria of a listed impairment." *Degenaro-Huber v. Comm'r of Soc. Sec.,* 533 Fed. Appx. 73, 75 (3d Cir. 2013) (quoting *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990) (emphasis in the original)). The Court is aware that it is not clear that the evidence would support a finding that all criteria of Listing 1.17 have been met. It is also aware that the doctrine of *res judicata* may impact consideration of the December 2019 surgery. *See* 20 C.F.R. § 416.1457(c)(1); *Hill v. Colvin*, No. CIV.A. 14-922, 2015 WL 5709028, at *1 n.1 (W.D. Pa. Sept. 28, 2015. However, the Court will leave these issues to the Commissioner to consider in the first instance.

additional explanation by the ALJ that necessitates a remand in this case, the record does not permit the Court to reverse and remand the case for an award of benefits. *See Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984).

**V.    Conclusion**

The record does not permit the Court to determine whether the ALJ's decision is supported by substantial evidence, and, accordingly, the Court finds that substantial evidence does not support the ALJ's decision in this case. The Court hereby remands the case to the Commissioner for reconsideration consistent with this Order.


                                    s/Alan N. Bloch
                                    United States District Judge



ecf:            Counsel of record